# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 7:17-cv-411 |
| ) | |
| v. ) | |
| ) | |
| **MATTHEW J. BENNETT,** ) | By: Hon. Robert S. Ballou |
| ) | United States Magistrate Judge |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff United States of America brings this action to collect $63,093.17 in unpaid federal income taxes and civil penalties assessed against *pro se* Defendant Matthew J. Bennett for eleven different tax years between 1997 and 2012. Dkt. 1, at 2–3. The government also seeks interest accrued on the amounts due from September 15, 2017, until paid. Id. at 3. I held a hearing on the parties' cross-motions for summary judgment, and the matter is ripe for decision. I **RECOMMEND GRANTING** the government's partial motion for summary judgment (Dkt. 18) as to Defendant's statute of limitations defense and, accordingly, **RECOMMEND DENYING** Defendant's motion for partial summary judgment (Dkt. 16). I also **RECOMMEND GRANTING** the government's motion for summary judgment (Dkt. 28), and entering judgment against Defendant in the amount of $65,026.13 plus interest accrued since July 23, 2018.

## STATEMENT OF FACTS

The government assessed against Defendant federal income tax liabilities for unpaid taxes for seven tax years and civil penalties for frivolous tax submissions for six tax years. Dkt. 1, at 2. The government submitted an updated calculation, including all accrued interest through

1

July 23, 2018, of the amounts it claims Defendant owes on each assessment. Dkt. 29, at 3.

| Tax Type | Tax Year | Assessment Date | Assessed Amount | Amount Owed with Interest (through July 23, 2018) |
|---|---|---|---|---|
| § 6702 Frivolous Tax Submission | 1997 | 11/3/2008 | $10,000.00 | $2,155.65[1] |
| § 6702 Frivolous Tax Submission | 1998 | 11/3/2008 | $5,000.00 | $7,095.04 |
| § 6702 Frivolous Tax Submission | 1999 | 11/3/2008 | $5,000.00 | $7,095.04 |
| Unpaid Income Tax (Form 1040) | 2001 | 6/7/2004 | $3,624.00 | $7,266.01 |
| Unpaid Income Tax (Form 1040) | 2002 | 2/21/2005 | $2,996.00 | $8,737.24 |
| § 6702 Frivolous Tax Submission | 2002 | 11/3/2008 | $5,000.00 | $7,095.04 |
| Unpaid Income Tax (Form 1040) | 2003 | 5/18/2009 | $3,846.00 | $13,890.53 |
| Unpaid Income Tax (Form 1040) | 2004 | 12/11/2006 | $3,006.00 | $1,854.48 |
| § 6702 Frivolous Tax Submission | 2004 | 7/16/2007 | $500.00 | $837.56 |
| § 6702 Frivolous Tax Submission | 2005 | 2/4/2008 | $500.00 | $741.24 |
| Unpaid Income Tax (Form 1040) | 2006 | 5/5/2008 | $1,324.00 | $2,527.46 |
| Unpaid Income Tax (Form 1040) | 2008 | 4/13/2009 | $3,942.00 | $3,180.17 |
| Unpaid Income Tax (Form 1040) | 2012 | 5/13/2013 | $2,156.00 | $2,610.89 |

Several years prior to this collection action, Defendant filed for bankruptcy. In re Bennett, 7:13-bk-71688 (Bankr. W.D. Va. Oct. 18, 2013). As part of the bankruptcy action, Defendant initiated an adversary proceeding to challenge the validity and extent of the government's tax lien against his property. Dkt. 29, at 1–2; Dkt. 29-5. The lien arose out of the proof of claim filed by the IRS in the bankruptcy proceeding, showing that it had valid claims to Defendant's assets based upon the assessments. Defendant alleged that the government's assessments for all of the federal income tax liabilities and civil penalties at issue here, *inter alia*, were invalid. Dkt. 29-5. Defendant stipulated in the adversary proceeding that "he is liable for

---

[1] Three amounts owed as of July 23, 2018, are less than the respective original amounts assessed. Defendant's IRS account transcript shows the various credits and additional charges applied to each assessment prior to this action. Dkt. 29-4.

2

any unpaid tax liabilities shown on the proof of claim for any year for which there is a timely valid assessment." Dkt. 29-6, at 3. The bankruptcy court granted the government's motion for summary judgment and dismissed Defendant's adversary proceeding, thus rejecting the challenge to the assessments and allowing the government's proof of claim in the bankruptcy proceeding. Dkt. 29-9; Bennett v. IRS, 7:14-ap-7024, Dkt. 30 (Bankr. W.D. Va. Sep. 19, 2014). The entire bankruptcy case was dismissed on November 13, 2014. In re Bennett, 7:13-bk-71688, Dkt. 90. This action by the government to collect Defendant's unpaid federal income taxes and assessed civil penalties followed.

## **LEGAL STANDARD**

Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." King v. Pulaski Cty. Sch. Bd., 195 F. Supp. 3d 873, 882 (W.D. Va. 2016) (internal citations and quotations omitted) (citing Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "The moving party must demonstrate the absence of an essential element of the nonmoving party's case and that it is entitled to judgment as a matter of law." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 185 (4th Cir. 2004). Once the moving party satisfies this burden, "the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial." Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986)).

In determining whether summary judgment is appropriate, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587–88. "In so doing, a court is not entitled to either weigh the evidence or make

credibility determinations." In re French, 499 F.3d 345, 352 (4th Cir. 2007)). Where the record taken as a whole "could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir.1991) (citing Matsushita, 475 U.S. at 587).

## ANALYSIS

The IRS is "authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) . . . which have not been duly paid . . . at the time and in the manner provided by law." 26 U.S.C. § 6201(a). "[A]n assessment is closely tied to the collection of a tax, *i.e.*, the assessment is the official recording of liability that triggers levy and collection efforts." Hibbs v. Winn, 542 U.S. 88, 101 (2004). The government has ten years after the assessment of the tax to initiate a collection action. 26 U.S.C. § 6502(a)(1); see Singleton v. United States, 128 F.3d 833, 836 (4th Cir. 1997); United States v. Wallis, CIVIL NO. 6:14-CV-00005, 2016 WL 411020, at *3 (W.D. Va. Feb. 1, 2016).

### A. Statute of Limitations Defense

Construed liberally, Defendant argues in his motion for partial summary judgment that the statute of limitations bars the government's attempts to collect income tax liabilities and penalties for the 2001 and 2002 tax years. Dkt. 16, at 1. Defendant does not assert a statute of limitations defense as to the remaining assessments. The government argues that it timely filed this collection action as to all of its assessments, and regarding the tax assessments for 2001, 2002, and 2004, and the frivolous filing penalty for 2004, actions by Defendant tolled the running of the limitations periods. Dkt. 19, at 4–5.

The government filed this action on August 31, 2017. Dkt. 1, at 3. Thus, the collection for

an assessment is timely if the government assessed the liability or penalty after August 31, 2007.

See 26 U.S.C. § 6502(a)(1). Defendant cannot, and does not, dispute that the government

assessed nine of the thirteen liabilities at issue after August 31, 2007, shown below:

| Tax Type | Tax Year | Assessment Date |
|---|---|---|
| § 6702 Frivolous Tax Submission | 1997 | 11/3/2008 |
| § 6702 Frivolous Tax Submission | 1998 | 11/3/2008 |
| § 6702 Frivolous Tax Submission | 1999 | 11/3/2008 |
| § 6702 Frivolous Tax Submission | 2002 | 11/3/2008 |
| Unpaid Income Tax (Form 1040) | 2003 | 5/18/2009 |
| § 6702 Frivolous Tax Submission | 2005 | 2/4/2008 |
| Unpaid Income Tax (Form 1040) | 2006 | 5/5/2008 |
| Unpaid Income Tax (Form 1040) | 2008 | 4/13/2009 |
| Unpaid Income Tax (Form 1040) | 2012 | 5/13/2013 |

Accordingly, as to the 2003, 2006, 2008, and 2012 income tax liabilities, and the 1997, 1998,

1999, 2002, and 2005 penalties, the government timely filed this collection action.

A debtor's actions can toll the limitations period for collection. "A request for a

collection due process hearing tolls the limitation period during the pendency of the request plus

an additional 30 days." Wallis, 2016 WL 411020, at *3 (citing 26 U.S.C. § 6330(e)(1)). Requests

for installment agreements also toll the period of limitation for the pendency of the request plus

an additional 30 days. See 26 U.S.C. § 6331(k)(2) (applying the tolling provisions of installment

agreements promulgated in 26 U.S.C. § 6331(i)(5) to requests for installment agreements).

"Bankruptcy tolls the limitation period for the duration of the case plus six months." 26 U.S.C.

§ 6503(h); Wallis, 2016 WL 411020, at *3 (citing 26 U.S.C. § 6503(b)).

For the unpaid income taxes for 2001, 2002, and 2004, and the frivolous filing penalty for

2004, the government did not file its collection action within ten years of the dates on which it

made those particular assessments. The uncontested evidence shows, however, that Defendant

requested a number of Collection Due Process Hearings ("CDPH") to challenge these

assessments, and also requested that the government enter into Installment Agreements ("IA")

for these periods. The uncontested evidence shows that the CDPH and IA requests tolled the

5

limitations periods as follows:[2]

| Tax Type | Tax Year | Assessment Date | Action Date | Closed Date | Days Tolled + 30 Days |
|---|---|---|---|---|---|
| Unpaid Income Tax (Form 1040) | 2001 | 6/7/2004 | CDP1: 6/23/2005 | 1/21/2006 | 242 |
| | | | CDP2: 5/10/2011 | 2/19/2012 | 315 |
| | | | IA: 12/5/2012 | 4/11/2013 | 157 |
| **Total** | | | | | **714** |
| Unpaid Income Tax (Form 1040) | 2002 | 2/21/2005 | CDP1: 4/2/2006 | 9/22/2006 | 203 |
| | | | CDP2: 5/10/2011 | 2/19/2012 | 315 |
| | | | IA: 12/5/2012 | 4/11/2013 | 157 |
| **Total** | | | | | **675** |
| Unpaid Income Tax (Form 1040) | 2004 | 12/11/2006 | CDP1: 3/30/2011 | 2/19/2012 | 41* |
| | | | CDP2: 5/10/2011 | 2/19/2012 | 315 |
| | | | IA: 12/5/2012 | 4/11/2013 | 157 |
| **Total** | | | | | **513** |
| § 6702 Frivolous Tax Submission | 2004 | 7/16/2007 | CDP1: 3/30/2011 | 2/19/2012 | 41* |
| | | | CDP2: 5/10/2011 | 2/19/2012 | 315 |
| | | | IA: 12/5/2012 | 4/11/2013 | 157 |
| **Total** | | | | | **513** |

I find that Defendant's actions to request a CDPH or IA tolled the limitations period for each of the remaining four assessments as follows:

- 2001 unpaid income tax: 714 days

- 2002 unpaid income tax: 675 days

- 2004 unpaid income tax: 513 days

- 2004 frivolous filing penalty: 513 days

Defendant filed for bankruptcy on October 18, 2013, which remained pending until the bankruptcy court lifted the automatic stay on September 25, 2014, thus allowing the government to commence collection proceedings against Defendant. In re Bennett, 7:13-bk-71688, Dkt. 81 (Bankr. W.D. Va. Sept. 25, 2014). The pendency of the bankruptcy proceeding, therefore, extended the period of limitations an additional 342 days plus six months from September 25,

---

[2] For the periods denoted with an asterisk, the 41 days represents the time from the first CDPH request to the second CDPH request for the same assessment.

2014, when the court lifted the automatic stay.

In total, the CDPH requests, IA requests, and bankruptcy proceeding tolled the limitations periods for each of the remaining assessments as follows:

| Tax Type | Tax Year | Assessment Date | Days Tolled | Expiration Date for Collection (Days Tolled + Six Months)[3] |
|---|---|---|---|---|
| Unpaid Income Tax (Form 1040) | 2001 | 6/7/2004 | 1,056 | 10/30/2017 |
| Unpaid Income Tax (Form 1040) | 2002 | 2/21/2005 | 1,017 | 6/4/2018 |
| Unpaid Income Tax (Form 1040) | 2004 | 12/11/2006 | 855 | 10/15/2019 |
| § 6702 Frivolous Tax Submission | 2004 | 7/16/2007 | 855 | 5/18/2020 |

Accordingly, because Defendant's actions tolled the limitations periods beyond the date the government initiated this collection proceeding, I find that this action is timely filed.[4]

---

[3]The Federal Rules provide that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Where necessary, the tolling date is adjusted to account for this counting rule.

[4] Defendant attempts to assert that the 2001 and 2002 assessments and penalties should be removed from this action because the government impermissibly collected on those debts during the time when the limitations period was tolled. Dkt. 16. On September 25, 2014, the bankruptcy court lifted the automatic stay on the IRS's ability to collect and permitted the IRS to proceed with its levies on the funds of Defendant's retirement accounts. In re Bennett, 7:13-bk-71688, Dkt. 81 (Bankr. W.D. Va. Oct. 18, 2013). Defendant argues that the statute of limitations was tolled for an additional six months until March 25, 2015, and the government collected from three of his accounts in October 2014, December 2014, and January 2015. Dkt. 16, at 1. However, the government correctly points out that § 6503 only tolls the statute of limitations for filing a collection action following a bankruptcy proceeding, but does not prohibit the government from actually collecting during that tolled period. § 6503(h)(2).

Still, Defendant asserts that he is entitled to civil damages under 26 U.S.C. § 7433 because the government was not authorized to collect from his accounts before March 2015. Dkt. 16, at 1. Section 7433 allows an action to proceed against the government if "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision" of the Internal Revenue Code. 26 U.S.C. § 7433(a). To proceed under § 7433, a litigant must exhaust his administrative remedies with the IRS. § 7433(d)(1). Here, Defendant did not "demonstrate that he filed an administrative claim with the IRS, setting forth the ground for the claim in reasonable detail, a description of the injuries he sustained, along with any substantiating documentation, and a dollar amount of the claim." Boggs v. Logic Tech., Inc., No. 3:17-2166-MGL-SVH, 2018 WL 2356185, at *3 (D.S.C. Feb. 21, 2018). Therefore, because Defendant has not exhausted his administrative remedies, this Court lacks subject matter jurisdiction to hear Defendant's claim under § 7433. See Simmons v. United States, 875 F. Supp. 318, 319–20 (W.D.N.C. 1994) (holding exhaustion of administrative remedies to be jurisdictional prerequisite to suit against government under § 7433(d)(1)); see also Bennett v. United States, 361 F. Supp. 2d 510, 514, 517 (W.D. Va. 2005) (dismissing another § 7433 claim by Defendant because he had not exhausted the requisite administrative remedies).

## B. Validity of Tax Assessments

Defendant challenges the penalty assessments for tax years 1997, 1998, 1999, and 2002, asserting that the penalties are invalid and the Court should remove them from this action.[5] Dkt. 23. "In order to demonstrate that a valid assessment has been made, the United States may submit a Form 4340, Certificate of Assessments and Payments." United States v. Hunt, No. 4:10cv31, 2011 WL 2471581, at *2 (E.D. Va. June 20, 2011). "Such certificates are presumed correct unless the defendant provides proof to the contrary." United States v. Register, 717 F. Supp. 2d 517, 522 (E.D. Va. 2010) (citing United States v. Janis, 428 U.S. 433, 440 (1976)). A valid assessment is entitled to "a legal presumption of correctness—a presumption that can help the Government proves its case against a taxpayer in court." United States v. Fior D'Italia, 536 U.S. 238, 242 (2002).

Here, the government submitted a Form 4340, which is the assessment of a tax or penalty, for each tax year at issue. Through this form, the government is presumed to have accurately assessed the tax liabilities, civil penalties, and interest for the relevant period. Defendant has offered no evidence to dispute these forms' validity; thus, I cannot find that a material issue of fact exists as to the amounts sought in each assessment. The government is, therefore, entitled to the presumption that the penalty assessments for tax years 1997, 1998, 1999, and 2002 are valid and correct. Accordingly, I recommend that the Court deny Defendant's request to remove the penalty assessments for tax years 1997, 1998, 1999, and 2002.

---

[5] Defendant also argues that the amounts of the penalties are excessive, and asks the Court to abate all penalties and interest. Dkt. 23. The federal district courts have no authority to abate any taxes or penalties. See United States v. Lapteff, 107 A.F.T.R. 2d 2011-819 (E.D. Va. 2010) ("Defendant's request—construed as a motion—for the abatement of all penalties and interest that have accrued from February 2002 to the present is not properly before the Court. . . . [T]he authority to abate . . . is statutorily committed to the discretion of the Secretary of the Treasury."); see also 26 U.S.C. § 6404(a)(1); ("*The Secretary* is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which [] is excessive in amount.") (emphasis added).

**C. Res Judicata**

In its motion for summary judgment, the government argues that the doctrine of res judicata prevents Defendant from challenging any of the assessed tax liabilities, civil penalties, or interest at issue in this action. Dkt. 29. Specifically, the government contends that the bankruptcy court entered summary judgment on its behalf, thus dismissing defendant's challenge to the tax assessments and civil penalties at issue in this action and allowing the proof of claim as to these amounts. Id. at 1. Therefore, Defendant is precluded from again challenging the same liabilities. Id.; see Dkt. 29-5 (Defendant's complaint contesting all liabilities at issue); Dkt. 29-7 (government's granted summary judgment motion encompassing all liabilities at issue). Defendant argues that bankruptcy proceedings are not the same as federal district or circuit court proceedings, and so res judicata does not apply. Dkt. 31, at 1. He also alleges that he did not have an opportunity to present all of the relevant facts and information to the bankruptcy court. Id.

"Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979). There are three elements to res judicata: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A., 816 F.3d 273, 276 (4th Cir. 2016) (citing Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004)). Additionally, a court should take two practical considerations into account: (1) whether the party knew or should have known of its claim in the first action; and (2) whether the previous forum was effective to litigate the relevant claims. Grausz v. Englander, 321 F.3d 467, 473 (4th Cir. 2003). "In tax cases, res judicata is rare, since a prior income tax judgment could only bar a subsequent proceeding

9

involving the same claim in the same tax year." S. Bancorporation, Inc. v. C.I.R., 847 F.3d 131, 136 (4th Cir. 1988).

A debtor may file an adversary proceeding relating to a pending bankruptcy action to determine the validity, priority, or extent of a creditor's lien or other interest in property. See Fed. R. Bankr. P. 7001, 7003. Here, Defendant initiated an adversary proceeding in bankruptcy to determine the validity and extent of the government's tax assessments asserted in its proof of claim. See Bennett v. IRS, 7:14-ap-7024, Dkt. 1, at 1 (Bankr. W.D. Va. Oct. 6, 2014). Defendant alleged in the bankruptcy proceeding that he did not have "any liability" for the assessed income tax liabilities for 2001, 2002, 2003, 2004, 2006, 2008, and 2012, and the civil penalties for 1997, 1998, 1999, 2002, 2004, and 2005, *inter alia*. Id. at 1–4.

Defendant, who was represented by counsel in the bankruptcy proceeding, stipulated "that he is liable for any unpaid tax liabilities shown on the proof of claim for any year for which there is a timely valid assessment." Id. at Dkt. 14, at 3. Consequently, the government moved for summary judgment and asked the court to find that the IRS's assessments were valid and that Defendant owed the liabilities and penalties shown in the government's proof of claim. Id. at Dkt. 15-1, at 1–2. Defendant filed a brief response, agreeing that there was no genuine dispute of material fact that Defendant was indebted to the IRS, but still contesting the manner in which the IRS assessed the liabilities, without providing any legal or factual support for any argument challenging the assessments. Id. at Dkt. 27. Ultimately, the bankruptcy court granted the government's motion and allowed the IRS's proof of claim, dismissed Defendant's adversary complaint, and overruled Defendant's objection to the proof of claim. Id. at Dkt. 30.

Both the government and Defendant were the only parties in the adversary proceeding arising out of Defendant's bankruptcy action, and both parties are before the Court in this action.

The bankruptcy court granted the government's motion for summary judgment in that proceeding and dismissed the case—a final judgment on the merits.

Furthermore, this is one of the rare taxes to which res judicata applies because the same claims and tax years are involved. See S. Bancorporation, Inc., 847 F.3d at 136. The claims in this case are part of the same cause of action asserted in the adversary proceeding, as "they arise out of the same transaction or series of transactions." Gould v. United States, No. 3:15–cv–00038, 2015 WL 6957997, at *4 (W.D. Va. Nov. 10, 2015) (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996)). In the adversary proceeding, Defendant challenged the validity of the government's assessed tax liabilities and penalties. Because this action involves the same tax liabilities, Defendant cannot challenge the validity of those assessments. Ultimately, because the claims here arise out of the same underlying transactions as in the adversary proceeding and there are no new operative facts, Defendant cannot escape the application of res judicata. See Gould, 2015 WL 6957997, at *4 ("[T]he prior litigation in the United States Bankruptcy Court for the Southern District of Florida satisfies each element [of res judicata.] . . . [T]he prior tax return suit, which was approved by the Bankruptcy Court, qualifies as a final judgment on the merits.").

Regarding the practical considerations, Defendant was the litigant in the first action and cannot legitimately argue he did not know of the claim. The previous forum was also effective to litigate the claims: Defendant initiated a proper adversary proceeding challenging the government's assessments, and the bankruptcy court appropriately ruled on that matter and granted summary judgment in the government's favor. The government filed this collection action because Defendant has failed to pay the income tax and civil penalty liabilities due, and Defendant cannot challenge those liabilities again.

In this case, the three elements of res judicata are satisfied, and Defendant's loss in the bankruptcy proceeding is imputed to this action. Accordingly, because there is no genuine dispute of material fact as to the application of res judicata to this action, I recommend that Plaintiff's motion for summary judgment be granted.

Finally, I have reviewed the assessments for the tax liabilities and penalties imposed, including the interest accrued through July 23, 2018, as set forth in the declaration of Bonnie N. James and the transcript of Defendant's IRS account. Dkt. 29-3, 29-4. The declaration and transcript show the following amounts owed:

| Tax Type | Tax Year | Assessment Date | Assessed Amount | Balance | Accrued Interest (as of July 23, 2018) | TOTAL |
|---|---|---|---|---|---|---|
| § 6702 Frivolous Tax Submission | 1997 | 11/3/2008 | $10,000.00 | $1,949.89 | $145.54 | $2,095.43[6] |
| § 6702 Frivolous Tax Submission | 1998 | 11/3/2008 | $5,000.00 | $6,606.28 | $488.76 | $7,095.04 |
| § 6702 Frivolous Tax Submission | 1999 | 11/3/2008 | $5,000.00 | $6,606.28 | $488.76 | $7,095.04 |
| Unpaid Income Tax (Form 1040) | 2001 | 6/7/2004 | $3,624.00 | $6,716.45 | $549.56 | $7,266.01 |
| Unpaid Income Tax (Form 1040) | 2002 | 2/21/2005 | $2,996.00 | $8,135.34 | $601.90 | $8,737.24 |
| § 6702 Frivolous Tax Submission | 2002 | 11/3/2008 | $5,000.00 | $6,606.28 | $488.76 | $7,095.04 |
| Unpaid Income Tax (Form 1040) | 2003 | 5/18/2009 | $3,846.00 | $12,933.62 | $956.91 | $13,890.53 |
| Unpaid Income Tax (Form 1040) | 2004 | 12/11/2006 | $3,006.00 | $1,727.61 | $126.87 | $1,854.48 |
| § 6702 Frivolous Tax Submission | 2004 | 7/16/2007 | $500.00 | $780.87 | $56.69 | $837.56 |
| § 6702 Frivolous Tax Submission | 2005 | 2/4/2008 | $500.00 | $690.19 | $51.05 | $741.24 |
| Unpaid Income Tax (Form 1040) | 2006 | 5/5/2008 | $1,324.00 | $2,353.35 | $174.11 | $2,527.46 |
| Unpaid Income Tax (Form 1040) | 2008 | 4/13/2009 | $3,942.00 | $2,961.09 | $219.08 | $3,180.17 |
| Unpaid Income Tax (Form 1040) | 2012 | 5/13/2013 | $2,156.00 | $2,431.02 | $179.87 | $2,610.89 |
| | | | | | **TOTAL** | **$65,026.13** |

---

[6] Both the government's motion for summary judgment and the declaration of Bonnie N. James assert that Defendant owes, including interest, $2,155.65 on the frivolous filing penalty for 1997. Dkt. 29, at 3; 29-3, at 2. The transcript of Defendant's IRS account shows that Defendant owes $2,095.43. Dkt. 29-4, at 22. As discussed, Defendant does not challenge any assessment amount in this action, but I recommend entering judgment against Defendant for the official transcript amount, $2,095.43.

12

Defendant does not submit any evidence suggesting that the amounts assessed are improper or the assessments invalid. Because Defendant does not submit any other factual or legal challenge, I find that there is no dispute of material fact as to the amounts assessed or the validity of the assessments, and that judgment against Defendant in the amount of $65,026.13 plus interest from July 23, 2018, is appropriate.

## RECOMMENDED DISPOSITION

Here, there are no genuine disputes of material fact as to the statute of limitations defense or the application of res judicata, and the government is entitled to judgment as a matter of law. I therefore **RECOMMEND DENYING** Defendant's motion for partial summary judgment, **GRANTING** Plaintiff's motion for partial summary judgment as to Defendant's statute of limitations defense, **GRANTING** Plaintiff's motion for summary judgment, and **ENTERING JUDGMENT** against Defendant in the amount of $65,026.13 plus interest accrued since July 23, 2018.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, Chief United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Entered: February 13, 2019

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

14